UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br> AT&T, INC., et al.,<br><br>  Defendants. | No. 2:20-cv-461-KJM-EFB PS<br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1  fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2  *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

3  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

4  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

5  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

6  relief above the speculative level on the assumption that all of the complaint's allegations are

7  true." *Id*. at 555 (citations omitted).  Dismissal is appropriate based either on the lack of

8  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

9  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10  Under this standard, the court must accept as true the allegations of the complaint in

11  question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

12  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

13  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading

14  requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a

15  complaint to include "a short and plain statement of the claim showing that the pleader is entitled

16  to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

17  which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

18  Plaintiff brings this action against fifteen defendants, including multiple

19  telecommunication companies and several state and county agencies.  ECF No. 1 at 2-4.  He

20  alleges that he had "a tru connect wireless account" with defendant AT&T.  *Id*. at 6.  He claims

21  that the Sacramento County Department of Human Assistance used an app to control his phone

22  and gain access to his emails, photos, text messages, and other data.  *Id*.  The complaint further

23  alleges that images of plaintiff have been posted online.  *Id*.  Based on these allegations, plaintiff

24  appears to allege claims for wire fraud and violation "the Consumer Protection of Privacy Act."

25  *Id*. at 5.

26  To the extent plaintiff claims defendants committed wire fraud in violation of 18 U.S.C.

27  § 1343, his claim fails as a matter of law because that criminal statute does not create a private

28  right of action.  *See Hacker v. Hacker*, 2015 WL 8780561, at *3 (E.D. Cal. Dec. 12 2015) (18

1  U.S.C. § 1343 does not provide a private right of action); *Reynolds v. Wilkerson*, 2014 WL
2  4062771, at *4 (N.D. Cal. Aug. 14, 2014) (same).

3  Plaintiff's remaining claim is styled as violation of "the Consumer Protection of Privacy
4  Act." ECF No. 1 at 5. It is not clear what specific cause of action plaintiff seeks to assert. He
5  might be attempting to allege a state law claim for violation of California's Consumer Privacy
6  Act of 2018, Cal. Civ. Code §§ 1798.100, *et seq*. Plaintiff, however, has yet to assert a properly-
7  pleaded federal cause of action which precludes supplemental jurisdiction over his state law
8  claim. Further, plaintiff fails to establish diversity of citizenship that could support diversity
9  jurisdiction over a state law claim. *See* 28 U.S.C. § 1332(a); *Bautista v. Pan American World*
10 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to invoke the court's diversity jurisdiction, a
11 plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in
12 controversy exceeds $75,000). The complaint indicates that plaintiff resides in Santa Barbara
13 County, California, and it also purports to assert claims against several county agencies, including
14 the Sacramento County Department of Human Assistance. *See Moor v. Alameda County*, 411
15 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are
16 citizens of their respective States."). Thus, plaintiff has failed to establish diversity jurisdiction
17 over a state law claim.

18 Accordingly, plaintiff's compliant must be dismissed for failure to state a claim. Plaintiff
19 will be granted leave to file an amended complaint. Any amended complaint must allege a
20 cognizable legal theory against a proper defendant and sufficient facts in support of that
21 cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended
22 complaint shall clearly set forth the allegations against each defendant and shall specify a basis
23 for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims
24 in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as
25 required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper
26 that bears line numbers in the left margin, as required by Eastern District of California Local
27 Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each
28 /////

claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE