1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DERICK JEROME LEWIS,                    No.  2:20-cv-461-KJM-EFB PS

12              Plaintiff,

13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    AT&T, INC., et al.,

15              Defendants.

16

17         The court previously granted plaintiff's application to proceed *in forma pauperis*, but

18    dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  ECF No.

19    3.  Plaintiff was granted leave to file an amended complaint.  He has since filed a first amended

20    complaint (ECF No. 4), as well as another application to proceed *in forma pauperis* (ECF No. 5).

21    Because plaintiff has already been authorized to proceed *in forma pauperis*, his recently filed

22    application is denied as unnecessary.  Further, it is recommended plaintiff's first amended

23    complaint be dismissed without further leave to amend, for the reasons set forth below.

24         As previously explained to plaintiff, although pro se pleadings are liberally construed, *see*

25    *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be

26    dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

27    that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007)

28    (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

1

1    obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

2    conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual

3    allegations must be enough to raise a right to relief above the speculative level on the assumption

4    that all of the complaint's allegations are true."  *Id*. at 555 (citations omitted).  Dismissal is

5    appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient

6    facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

7    (9th Cir. 1990).

8            Under this standard, the court must accept as true the allegations of the complaint in

9    question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

10   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

11   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading

12   requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a

13   complaint to include "a short and plain statement of the claim showing that the pleader is entitled

14   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

15   which it rests."  *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

16           Like the prior complaint, the first amended complaint is largely unintelligible.  It purports

17   to allege claims for violation of plaintiff's Fifth and Fourteenth Amendment rights under 42

18   U.S.C. § 1983 against two individuals—Kyle Buege and Ilena Poole—and several

19   telecommunication companies and government agencies, including AT&T, the Sacramento

20   County Superior Court, and the United States Department of Justice, to name a few.  ECF No. 4.

21   Liberally construed, the amended complaint alleges defendants hacked plaintiff's wireless phone,

22   accessed his personal data, and then posted his personal text messages, emails, videos, photos,

23   and audio recordings online.  *Id*. at 5-6.  It also includes vague allegations concerning plaintiff's

24   two arrests in 2020; the first for robbery and the second allegedly due to plaintiff making

25   complaints that someone illegally accessed his EBT account.  *Id*. at 7.  The amended complaint

26   also alleged plaintiff's rights were violated by "gang stocking [sic]" activities, which included

27   tracking plaintiff's phone and intercepting his calls.  *Id*. at 8.

28   /////

1    These vague and fanciful allegations fail to state a claim upon which relief may be

2   granted.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

3   notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

4   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

5   particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  The

6   allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed.

7   R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of*

8   *Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  Not only does plaintiff fail to identify the

9   specific constitutional provision defendants allegedly violated, his allegations fail to apprise

10   defendants of the factual basis for his claims.

11    Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.  Further,

12   the court finds that granting further leave to amend would be futile.  Plaintiff has already been

13   afforded an opportunity to amend, and his allegations continue to fall far short of stating a

14   cognizable claim.  Consequently, it is recommended that the dismissal be without further leave to

15   amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily

16   would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears

17   amendment would be futile).

18    Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*

19   *pauperis* (ECF No. 5) is denied as unnecessary.

20    Further, it is RECOMMENDED plaintiff's first amended complaint be dismissed without

21   leave to amend and the Clerk be directed to close the case.

22    These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

27   /////

28   /////

3

1   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  September 25, 2020.

4   _____
    EDMUND F. BRENNAN

5   UNITED STATES MAGISTRATE JUDGE

4